# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>GARY D. WELLS,<br><br>                Chapter 7 Debtor.<br>_____<br>DOMINIC TIRONE,<br><br>                Plaintiff/Appellant,<br><br>    v.<br><br>GARY D. WELLS,<br>                Defendant/Appellee.<br>_____ | No.: 2:09-cv-00719-RLH-RJJ<br><br>BK-S-08-16242-BAM<br><br>Appeal Ref. No. 09-25<br><br><br>**OPINION** |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Honorable Bruce A. Markell, Bankruptcy Judge, Presiding

Submitted April 22, 2009
Las Vegas, Nevada

Filed June 11, 2010

Opinion by Chief Judge Roger L. Hunt

1

HUNT, Chief Judge.

In this appeal, the Court considers whether the bankruptcy court erred when it denied Plaintiff Dominic Tirone's request for an exception to discharge under 11 U.S.C § 727(a)(3). The bankruptcy court concluded that Defendant Gary Wells was entitled to discharge of his debts under § 727(a)(3) because he provided sufficient evidence from which his current financial condition and previous business transactions could be ascertained. The Court now affirms the bankruptcy court's decision.

## I. BACKGROUND

On June 13, 2008, Wells filed a Chapter 7 bankruptcy petition seeking discharge of his debts. Tirone objected to Well's request. Under 11 U.S.C § 727(a)(3), "the courts shall grant the debtor a discharge unless" the debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." To satisfy this statutory requirement, Wells provided (1) bank statements; (2) a self-prepared tax return for 2007; (3) tax transcripts from the Internal Revenue Service for 2006; (4) settlement statement for the sale of property dated October 31, 2007; and (5) a divorce decree filed on June 26, 2008.

A bench trial was held on April 1, 2009. On April 2, the bankruptcy court dismissed Tirone's claim, discharged Wells' debts, and awarded Wells costs pursuant to Fed. R. Bankr. P. 7054(b). Tirone now appeals to this Court.

## II. STANDARD OF REVIEW

"[T]he Ninth Circuit standard of review of a judgment on an objection to discharge is that: (1) the court's determinations of the historical facts are reviewed for clear error; (2) the selection of the applicable legal rules under § 727 is reviewed de novo; and (3) the application of the facts to those rules requiring the exercise of judgments about values animating the rules is

/

reviewed de novo." *Searles v. Riley*, 317 B.R. 368, 373 (9th Cir. BAP 1999) (quoting *Beauchamp v. Hoose*, 236 B.R. 727, 729–30 (9th Cir. BAP 1999)).

"Because discharge is a matter generally left to the sound discretion of the bankruptcy judge, [courts] disturb this determination only if [they] find a gross abuse of discretion." *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994) (quoting *In re Cox*, 904 F.2d 1399, 1401 (9th Cir. 1990)). Accordingly, district courts "defer to the bankruptcy court's conclusion . . . unless its factual findings are clearly erroneous or it applies the incorrect legal standard." *Id.*

### III.  DISCUSSION

The Court affirms the bankruptcy court's decision because the court did not clearly err when making factual determinations regarding Well's records and because the Court properly applied 11 U.S.C § 727 when applying those facts to the law.

**A.     Factual Findings**

Based on the evidence, the bankruptcy court concluded that Wells brought forth sufficient evidence regarding his previous business transactions and current financial situation.  The court came to this conclusion for two reasons.  First, after thoroughly reviewing "all the exhibits that [had] been entered into evidence, the court concluded that Wells supplied a sufficient number of bank and debit card statements showing "exactly what [his purchases] were for."  (Dkt. #16, Vol. 1, 34.)  Second, the bankruptcy court analyzed the testimony of both Wells and Tirone and "observed . . . their hesitancy and willingness to answer questions and their degree of assuredness or degree of nervousness with respect to their responses." (*Id.*, 29–30.)  In so doing, the court was "impressed" by "Mr. Wells' ability [on direct] go through three months of transactions" that had occurred almost three years earlier and give "convincing responses" regarding those transactions. (*Id.*, 34.)

Based on the evidence, the Court finds the bankruptcy court did not err when it concluded that Wells had not destroyed, concealed, or withheld information regarding his financial status or previous business transactions.  The bankruptcy court thoroughly reviewed the evidence

3

before it, including Wells' testimony regarding his financial transactions, and appropriately concluded that Wells reasonably kept track of his financial records. Accordingly, the Court finds the bankruptcy court did not clearly err in making this factual determination.

**B.     Legal Conclusions**

Having engaged in a de novo review of the bankruptcy court's legal determinations in this case, the Court finds that the bankruptcy court properly applied 11 U.S.C § 727. This statute states that the "court shall grant the debtor a discharge unless" the debtor has, as Tirone asserts here, destroyed, concealed, or withheld important financial information. As other courts have noted, the language of this statute places the burden of proof on the plaintiff, who seeks exception to the discharge rule. *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994); *see also* Fed. R. Bank. P. 4005. Given that the bankruptcy court appropriately found that Wells had provided sufficient evidence regarding his financial history and standing, the bankruptcy court correctly determined that Tirone had not met his burden of showing that the court should deny Wells' request for a discharge.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the bankruptcy court's order is AFFIRMED.

Dated: June 14, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

4